**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| IN RE: Richard B. Blair<br>　　　xxx-xx-2177<br>　　　1029 Edge Hill Road<br>　　　Abington, Pa 19001<br><br>　　　　　　Debtor | : **CHAPTER 13**<br>:<br>:<br>: **CASE NO. 09-15270JKF**<br>:<br>:<br>:<br>:<br>: |

**DEBTOR'S FIRST AMENDED CHAPTER 13 PLAN**

1. The future earnings of the One Debtor are submitted to the supervision and control of the Trustee and the debtor shall pay the Trustee the sum of:

   $300.00 per month for a period of 60 months, commencing on or about August 19, 2009 for a total of:

   $18,000.00 over a period of 60 months

2. From the payment so received, the Trustee shall make distributions in the following order of payment:

   (a) To the Standing Trustee, his costs, expenses and commissions in accordance with certain statutes, then

   (b) To the Attorney for the Debtor (s), in the sum of $0.00 or such sum as is allowed by the Court, upon application duly made and order entered, then

   (c) For or on account of administration expenses provided for under the Code or allowed by the Court, then

   (d) To the Priority Creditors of the Debtor, full payment in deferred cash payments, of all claims entitled to priority under § 507 of the U.S. Bankruptcy Code. No Priority Creditors

   (e) To the secured creditors of the Debtor (s), as follows:

HSBC Mortgage Corp. (USA), holder of the mortgage on Debtor's home, arrears of $6,599.74 shall be paid through the Chapter 13 Plan. The Debtor's normal monthly payments as shall become due after the date of filing of the Debtor's Chapter 13 case shall be

made directly by the Debtor to the creditor.

Payments to Chase Auto Finance for debtor's car loan shall be paid directly to the creditor by the Debtor. No adequate protection payments shall be required of the Trustee.

(f)  Subsequent to secured creditors, dividends to unsecured creditors whose claims are timely filed, and duly allowed as follows: Pro Rata.

The amount paid to creditors with unsecured, non-priority claims is expected to be $9,460.26, which is in excess of the debtor's non-exempt property, which is valued at $6,445.00, and is thus redeemed by the Debtor by said payment.

3.  The following executory contracts are rejected:

None

4.  The following executory contracts are assumed:

None

5.  The amount of a creditor's claim shall be fixed by the sum set forth in the Plan (as a percentage of the total amount to be paid through the plan). In absence of an objection, and if the Plan is confirmed, this amount shall constitute a finding as to the arrears owed.

6.  Title to the debtor's property shall revest in the debtor on confirmation of the Plan.

Dated: October 22, 2009          /s/*Richard B. Blair*
                                 Richard B. Blair, Debtor

Responses to: Wayne R. Cromie, Esquire, 2240 DeKalb Pike, E. Norriton PA 19401
Fax No. 610-272-9224